UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MIRSAD HAJRO,<br><br>  Plaintiff,<br><br>  v.<br><br>THOMAS SULLIVAN; DAVIS VANDERVELDE; G. RICHARD BEVAN; and MELANIE GEGNEPAIN,<br><br>  Defendants. | Case No. 1:23-cv-00372-AKB<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

### I. INTRODUCTION

Pending before the Court is Plaintiff Mirsad Hajro's Complaint (Dkt. 2) and In Forma Pauperis Application (Dkt. 1). Pursuant to 28 U.S.C. § 1915, this Court must review Hajro's request to determine whether he is entitled to proceed in forma pauperis, which permits civil litigants to proceed without prepayment of the full filing fee or to pay the filing fee over time. *Rice v. City of Boise City*, No. 1:13-CV-00441-CWD, 2013 WL 6385657, at *1 (D. Idaho Dec. 6, 2013). The Court must also undertake an initial review of Hajro's complaint to ensure it meets the minimum required standards. *See* 28 U.S.C. § 1915(e)(2).

For the reasons explained below, the Court denies Hajro's in forma pauperis application and grants Hajro leave to file an updated in forma pauperis application and affidavit. Further, after reviewing Hajro's complaint, the Court dismisses the complaint and allows Hajro an opportunity to amend his complaint.

## II. APPLICATION TO PROCEED IN FORMA PAUPERIS

Any party instituting a civil action in a federal district court is required to pay a filing fee. 28 U.S.C. § 1914. On application, however, a party may proceed in forma pauperis. 28 U.S.C. § 1915. The Court "may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor." 28 U.S.C. § 1915(a)(1). To qualify for in forma pauperis status, a plaintiff must submit an affidavit that includes a statement of all assets he possesses and that indicates he is unable to pay the fee required. *Id.* The affidavit is sufficient if it states the plaintiff, because of his poverty, cannot "pay or give security for the costs" and still be able to provide for himself and dependents the "necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). The affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (internal quotation marks omitted) (quoting *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960)).

The Court has reviewed Hajro's in forma pauperis application and affidavit. (*See* Dkt. 1). The affidavit does not state Hajro's poverty "with some particularity, definiteness and certainty." *McQuade*, 647 F.2d at 940. Indeed, Hajro does not disclose any information about his income, any potential spouse's income, cash available, assets, expenses, or if anyone is financially dependent on him. (Dkt. 1). Absent this information, the Court is unable to determine whether Hajro is unable to pay the filing fee.

Given the lack of particularity, Hajro's in forma pauperis application is denied. *See McQuade*, 647 F.2d at 940 (stating that the court may deny an application if the applicant is "unable, or willing to verify" his poverty). The Court, however, grants Hajro leave to file an additional in forma pauperis application and affidavit. Any additional affidavit must include

details about Hajro's financial situation sufficient to determine whether he qualifies to proceed in forma pauperis.

### III. SUFFICIENCY OF COMPLAINT

The Court is required to screen complaints brought by litigants seeking in forma pauperis status. *See* 28 U.S.C. § 1915(e)(2). The Court must dismiss a plaintiff's complaint, or any portion thereof, if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief can be granted, a complaint must include facts sufficient to show a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).

During this initial review, courts generally construe pro se pleadings liberally, giving pro se plaintiffs the benefit of any doubt. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). Even so, plaintiffs—whether pro se or not—have the burden of articulating their claims clearly and alleging facts sufficient to support review of each claim. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). If amending the complaint would remedy the deficiencies, plaintiffs should be notified and provided an opportunity to amend. *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

In this case, Hajro identifies four defendants: Davis Vandervelde, G. Richard Bevan, Thomas Sullivan, and Melanie Gegnepain. (Dkt. 2 at p. 2). Hajro states his case presents a federal question arising under 42 U.S.C. § 1983. (Dkt. 2 at p. 3). Hajro does not provide any details about his claim, however, other than to restate the claim arises under 42 U.S.C. § 1983 and state his desired relief is "recompansation." (Dkt. 2 at p. 4). Hajro has not stated a claim upon which relief may be granted. The Court will, however, grant Hajro forty-five (45) days to amend the complaint to remedy the following deficiencies.

To state a plausible civil rights claim, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). A plaintiff cannot simply restate standards of law in a complaint. Likewise, a plaintiff must provide more than conclusory statements that a defendant harmed the plaintiff. *Iqbal*, 556 U.S. at 678. Instead, a plaintiff must provide specific facts supporting the elements of each claim and must allege facts showing a causal link between each defendant and the plaintiff's alleged injury or damage. Alleging "the mere possibility of misconduct" is not enough. *Id.* at 679. Similarly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678.

Here, Hajro's complaint contains no statement of facts and contains no specific claims. (*See* Dkt. 2). Hajro fails to plead the relevant legal standards of any claim and does not include alleged facts in support of any claim. For example, though Hajro provides his complaint is brought under 42 U.S.C. § 1983, he does not offer any detail about how the identified defendants were involved in an alleged violation of his constitutional rights. Accordingly, if Hajro chooses to amend his complaint, he must state specific, plausible legal claims. He must also detail the factual background giving rise to each individual claim he states.

## IV. CONCLUSION

Hajro has failed to provide any information about his financial situation. The Court grants Hajro leave to submit an additional in forma pauperis application to provide information sufficient for this Court to determine whether he may proceed in forma pauperis. Additionally, upon review, the Court finds Hajro has not stated any plausible claims for relief and must amend his complaint.

V. ORDER

IT IS ORDERED that:

1. Hajro's In Forma Pauperis Application (Dkt. 1) is **DENIED WITHOUT PREJUDICE**. Hajro may file an updated in forma pauperis application that includes specific details of his financial situation sufficient to determine whether he qualifies to proceed in forma pauperis. **Hajro's updated application must be filed within forty-five (45) days of the issuance of this order**. Failure to submit an updated in forma pauperis application or pay the full filing fee within the ordered timeframe will result in dismissal of this case without further notice.

2. Hajro's Complaint (Dkt. 2) fails to state a claim upon which relief may be granted and is **DISMISSED WITHOUT PREJUDICE**. The Court **GRANTS** Hajro leave to file an Amended Complaint in substantial compliance with the Court's analysis above. **Hajro must file his Amended Complaint within forty-five (45) days of the issuance of this order**. Failure to file an Amended Complaint within the ordered timeframe will result in the full dismissal of this case WITH PREJUDICE and without further notice.

DATED: September 05, 2023

Amanda K. Brailsford
U.S. District Court Judge